UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TYLOR JAY KEITH STANLEY,        )
    Plaintiff,                              )
                                                  )
    v.                                          )   CAUSE NO.: 3:24-CV-686-JVB-JEM
                                                  )
WESTVILLE CORRECTIONAL        )
FACILITY EMPLOYEES, *et al.*,      )
    Defendants.                            )

**OPINION AND ORDER**

Tylor Jay Keith Stanley, a prisoner without a lawyer, filed a civil rights complaint against four defendants. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Stanley, who was previously housed at Westville Correctional Facility, alleges that on July 28, 2023, he sought medical treatment for a broken hand. (ECF 1 at 2). He states x-rays were taken of his hand, which confirmed he had multiple fractures, and he was given a partial cast. *Id*. Medical staff told Stanley his hand would be evaluated again in a week, but he was not seen until September 18, 2023, even though he had filed multiple complaints, medical requests, and grievances about his hand. *Id*.

On October 20, 2023, almost three months after he initially broke his hand, Stanley underwent surgery to repair it. *Id*. He asserts surgery was necessitated by the lack of medical care and delay in treatment, which caused his hand not to heal properly. *Id*. Stanley states he may need

additional surgery and continues to have constant pain in his hand. *Id*. He asserts that he received constitutionally inadequate medical treatment for his broken hand and seeks monetary damages. *Id*. at 2, 4.

Under the Eighth Amendment, inmates are entitled to adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 721-22 (7th Cir. 2021). To state a claim for the denial of this right, a prisoner must allege: (1) he had an objectively seriously medical need; and (2) the defendant acted with deliberate indifference to that medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The deliberate indifference standard imposes a "high hurdle," requiring a showing "approaching total unconcern for the prisoner's welfare." *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425-26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas*, 2 F.4th at 722.

A prisoner is not required to show that he was "literally ignored" to establish deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). But because there is no one right way to practice medicine in the prison setting, courts must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (citation and quotation marks omitted). "A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to

2

seriously aggravate the prisoner's condition." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (quotation marks and citation omitted). Furthermore, inmates are "not entitled to demand specific care," *Walker*, 940 F.3d at 965 (citation omitted), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("[T]he Eighth Amendment does not require that prisoners receive unqualified access to health care." (citation and quotation marks omitted)). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267.

Stanley initially sues Westville Correctional Facility and Centurion employees. However, he has not named or identified the individual employees who denied him medical care and does not provide any details about his interactions with them or how they were involved in his care. To be held liable under 42 U.S.C. § 1983, a defendant must have personal involvement in the alleged constitutional violation. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) ("For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights."); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."). Because he has not stated a claim against Westville and Centurion employees, he may not proceed against them.

Stanley next sues the Indiana Department of Correction ("IDOC"). However, the State of Indiana and its agencies are not "persons" who can be sued for constitutional violations under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). He may not proceed against the IDOC.

Stanley has also sued the Reception Diagnostic Center ("RDC"), which is IDOC's prisoner intake facility. However, RDC is a building, not a "person" or policy-making body that can be sued

3

for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Because RDC is not a suable entity, Stanley may not proceed against it.

As a final matter, Stanley alleges he feared for his life when he was slammed, cuffed, and transported to a dorm where he was also stabbed in his face. (ECF 1 at 3). Following the assault, he requested medical treatment because he thought his ribs were broken, but his request was denied. *Id*. Stanley also states he was written up on false conduct reports, which caused him to be improperly classified and housed. *Id*. Because Stanley has not named or identified the individuals who are responsible for the alleged use of excessive force, lack of medical treatment for his broken ribs, and false conduct reports, the court cannot evaluate these claims. He may not proceed here.

This complaint does not state a claim for which relief can be granted. If Stanley believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form. Stanley has also filed a "Motion to Seek Judgment." (ECF 7). The Court construes the motion as a request to screen his complaint. Because the Court has now screened his complaint, the motion will be denied as moot.

For these reasons, the Court:

(1) **DENIES AS MOOT** Tylor Jay Keith Stanley's Motion to Seek Judgment (ECF 7);

(2) **GRANTS** Tylor Jay Keith Stanley until **January 7, 2025**, to file an amended complaint; and

(3) **CAUTIONS** Tylor Jay Keith Stanley that if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on December 9, 2024.

                                                s/ Joseph S. Van Bokkelen  
                                                JOSEPH S. VAN BOKKELEN, JUDGE  
                                                UNITED STATES DISTRICT COURT